**Affirmed as Reformed; and Opinion Filed August 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00857-CR

### JAMES AJIKE ADERINBOYE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-1056305-R**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

James Ajike Aderinboye appeals his conviction for possession with intent to deliver four grams or more but less than 200 grams of cocaine. Appellant pleaded guilty; the trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. Subsequently, the State moved to adjudicate appellant's guilt, and appellant pleaded true to six of the eight allegations in the motion to adjudicate. The trial court adjudicated appellant guilty and sentenced him to forty years' imprisonment. Appellant brings two points of error on appeal: (1) the trial court erred by considering evidence outside the record when assessing punishment; and (2) the judgment should be reformed to reflect the allegations in the motion to adjudicate to which appellant pleaded true and that were found to be true. We modify the trial court's judgment and affirm the trial court's judgment as modified.

# BACKGROUND

On May 31, 2010, Dallas police arrested appellant for possession of cocaine, marijuana, and a firearm. The arrest occurred when police were called to a major disturbance at an intersection. The police found the loaded firearm and 10.26 grams of cocaine in appellant's car in plain view. Eighty-three grams of marijuana were in a Crown Royal bag in the car's center console. Because appellant had a recent prior conviction for assault with family violence, appellant could not lawfully possess a firearm. *See* TEX. PENAL CODE ANN. § 46.04(b) (West 2011). In September 2010, appellant pleaded guilty to the offense of possession with intent to deliver four or more grams but less than 200 grams of cocaine and to the use or exhibition of a firearm, and the court deferred adjudication of appellant's guilt and placed him on community supervision for ten years. Over the next three years, the State filed motions to revoke appellant's community supervision and adjudicate his guilt, but the State withdrew each of the motions. In September 2013, the trial court added electronic monitoring to the conditions of community supervision. However, three hours after being released on community supervision with an electronic monitor, appellant cut off the electronic monitor. The State again moved to adjudicate appellant's guilt.

At the hearing on the State's motion to adjudicate, appellant pleaded true to six of the eight allegations that he had violated the terms of his community supervision. At the State's request, the court took "judicial notice of the entire contents of the Court's file." The trial court adjudicated appellant guilty of the offense as charged. At the punishment phase of the hearing, the State presented evidence that the officers who arrested appellant on October 8, 2013, found appellant at a house used to distribute cocaine, methamphetamine, and marijuana. The police found two handguns and a shotgun in the house as well as a piece of mail addressed to appellant at the house. The piece of mail was found in the front bedroom of the house where the police

also found a safe containing cocaine, methamphetamine, and a handgun. On a nightstand in the bedroom, the police found syringes, lighters, and a scale. The police found a total of 37.6 grams of cocaine and 20.6 grams of methamphetamine in the house as well as a one-gallon plastic bag of marijuana, scales, and material and equipment for packaging illegal drugs.

At the conclusion of the punishment phase, the defendant's counsel asked the court to sentence appellant to five years, and the prosecutor asked the court to sentence him to thirty years. The trial court stated,

> [T]he Court gave you another chance at getting your life straight and you chose not to. It's mindboggling to me. I just don't understand your conduct. And given the severity of the original case and the continued participation in the drug trade in Dallas County, the Court is going to assess your punishment at 40 years' confinement in state prison.

The court then sentenced appellant to forty years' imprisonment.

### CONSIDERATION OF EVIDENCE OUTSIDE THE RECORD

In his first point of error, appellant contends the trial court erred by considering evidence outside the record when assessing punishment. Appellant asserts that there was no evidence of the severity of the offense. Therefore, appellant argues, when the trial court stated it assessed appellant's punishment at forty years' imprisonment "given the severity of the original case," the trial court must have been referring to evidence outside the record.

We disagree. The trial court took "judicial notice of the entire contents of the Court's file." Appellant's counsel stated he had "[n]o objection" to the court taking judicial notice. The record before this Court includes the affidavit for the arrest warrant for the charged offense, which describes the circumstances in which the police found the drugs and the gun, the quantities of the drugs, the type of gun, and the fact that it was loaded. Thus, it appears the trial court had evidence before it of the severity of the offense.

Even if the affidavit for the arrest warrant was not included in "the entire contents of the Court's file," the trial court's reference to "the severity of the original case" did not necessarily mean the circumstances under which appellant committed the offense. The court's statement could fairly be interpreted as an acknowledgement that the offense was a first degree felony. Indeed, during appellant's counsel's examination of appellant's mother, counsel referred to the offense as "this very serious first-degree felony."

We conclude the record does not show the trial court considered evidence outside the record when considering appellant's punishment. We overrule appellant's first point of error.

## MODIFICATION OF THE JUDGMENT

In his second point of error, appellant contends the judgment should be reformed to reflect the allegations in the State's motion to adjudicate that were found to be true. The State's amended motion to adjudicate alleged six violations of condition (a), which required that appellant "[c]ommit no offense against the laws of this or any other State"; a violation of condition (e), which required that appellant notify his community supervision officer at least twenty-four hours before any change in his home or employment address; and a violation of condition (v), which required appellant to participate in the electronic monitoring program. The first two violations of condition (a) listed in the motion were for offenses from the circumstances of appellant's arrest on October 8, 2013. The third through sixth alleged violations of condition (a) were for (3) assault of a family or household member, (4) driving with license suspended, (5) criminal trespass of a habitation, and (6) possession of marijuana. Appellant pleaded true to all the alleged violations except for the first two alleged violations of condition (a) concerning the offenses from October 8, 2013. The trial court's judgment states appellant pleaded true to the motion to adjudicate. The judgment also contains this finding, "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in

–4–

the State's ORIGINAL Motion to Adjudicate as follows:  See attached Motion to Adjudicate

Guilt."  These recitations in the judgment are incorrect because the case proceeded on the State's

amended motion, not the original motion, and the conditions to which appellant pleaded true and

that the trial court found appellant had violated did not include the two alleged violations of

condition (a) from October 8, 2013.

We sustain appellant's second point of error.  We modify the judgment to provide that

appellant pleaded true to allegations (a)(3), (a)(4), (a)(5), (a)(6), (e), and (v) and that the trial

court found those allegations true as alleged in the amended motion to adjudicate.  *See* TEX. R.

APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*,

813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).  We affirm the trial

court's judgment as reformed.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
140857F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES AJIKE ADERINBOYE, Appellant

No. 05-14-00857-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1056305-R.
Opinion delivered by Justice Myers. Justices
Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Plea to Motion to Adjudicate:  TRUE" should be changed to "Plea to Motion to Adjudicate:  TRUE to allegations (a)(3), (a)(4), (a)(5), (a)(6), (e), and (v)."

The recitation "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt" should be changed to "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in allegations (a)(3), (a)(4), (a)(5), (a)(6), (e), and (v) of the State's AMENDED Motion to Adjudicate as follows:  See attached Amended Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**.

We direct the trial court to prepare a new judgment that reflects these modifications.

Judgment entered this 6th day of August, 2015.